# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1144

_____

Pamela F. Reynolds,

    Appellant,

  v.

RehabCare Group East, Inc.,

    Appellee.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Southern District of Iowa.
\*
\*
\*

_____

Submitted: November 17, 2009
Filed: January 14, 2010

_____

Before RILEY, SMITH, and GRUENDER, Circuit Judges.

_____

RILEY, Circuit Judge.

  Pamela Reynolds (Reynolds), a physical therapist and a Captain in the United States Army Reserve, appeals from the district court's[1] adverse grant of summary judgment on Reynolds's claims against RehabCare Group East, Inc. (RehabCare). Reynolds claims RehabCare (1) discriminated against her based on her military status; and (2) failed to rehire her upon her return from active military duty, in violation of the Uniform Services Employment and Reemployment Rights Act of 1994

_____

[1]The Honorable Robert W. Pratt, Chief Judge, United States District Court for the Southern District of Iowa.

(USERRA), 38 U.S.C. §§ 4301-4335, as amended.  We affirm the district court's judgment.

## I.    BACKGROUND

Reynolds became an employee of Progressive Rehabilitation Associates (Progressive) in May 2004, working at Green Hills Retirement Community (Green Hills).  Progressive had a contract with Green Hills to provide physical therapy services to Green Hills's residents in Ames, Iowa.  In November 2005, the Army notified Reynolds she was being called to active duty.  Reynolds sought, and was granted, a military leave of absence from Progressive.  Reynolds was stationed at Fort Hood, Texas, from March 2006 through July 2007.  In May 2007, Progressive notified Green Hills of its intent to terminate their contract.  In July 2007, Green Hills entered into a contract with Deerfield Retirement Community, which in turn entered into a subcontract with RehabCare to provide rehabilitation services at Green Hills.  RehabCare did not employ any Progressive employees from Green Hills.

Upon Reynolds's return from active duty, Progressive offered to reemploy Reynolds at Progressive's office in Iowa City, Iowa, but Reynolds declined the offer.  Reynolds, who was aware Progressive was ending its contract with Green Hills, sent a letter to Progressive and Rod Copple, the executive director of Green Hills, requesting reemployment at Green Hills pursuant to USERRA, and claiming RehabCare was a successor-in-interest to Progressive under USERRA.  RehabCare sent Reynolds an Application for Employment.  Reynolds crossed out the word "Employment" and wrote in "Re-employment/USERRA."   A RehabCare representative informed Reynolds that, while RehabCare would like to employ Reynolds at the Green Hills facility, RehabCare did not believe USERRA was applicable to RehabCare for Reynolds.  RehabCare was prepared to make an employment offer, but Reynolds declined to hear any offers.  She later stated, "If they were not going to honor the USERRA law and reinstate me into my job that I had prior to leaving, I didn't want to hear the offer."

Reynolds brought an action against RehabCare asserting: (1) RehabCare discriminated against Reynolds based on her military status, in violation of 38 U.S.C. § 4311, and (2) RehabCare was a successor-in-interest to Progressive and refused to reemploy Reynolds "in the position of like seniority, status and pay [that Reynolds] was receiving while . . . employed by Progressive," in violation of 38 U.S.C. §§ 4312 and 4313.

The district court granted summary judgment to RehabCare on both counts of the complaint. See Reynolds v. RehabCare Group E., Inc., 590 F. Supp. 2d 1107, 1126 (S.D. Iowa 2008). In a well-reasoned order, the district court noted,

> [T]he fighting issue in this case is whether [Reynolds] has a right to reemployment *by RehabCare*, given that she was employed by Progressive at the time of her deployment to active military service. More specifically, the question is whether RehabCare is a "successor in interest" to Progressive, such that it was obligated to "reemploy" [Reynolds] under USERRA.

Id. at 1112 (internal marks and quotation omitted). After analyzing the applicable factors, the district court found no reasonable jury could conclude RehabCare was a successor-in-interest to Progressive because Reynolds could not "demonstrate a continuity of business operations, a continuity of employees, or a similarity in supervisors and managers." Id. at 1121 (citing 20 C.F.R. § 1002.35). Reynolds previously had been employed by Progressive, not Green Hills or RehabCare, and was stationed at Green Hills. See id. at 1122. Progressive and RehabCare are two distinct, unrelated companies with no contractual or business relationship between them. See id. Therefore, the district court found RehabCare was not liable under USERRA for failing to reemploy Reynolds in her former position. See id.

With respect to Reynolds's discrimination claim, the district court found no evidence RehabCare displayed any discriminatory animus toward Reynolds; rather, RehabCare made significant efforts to employ Reynolds on mutually satisfactory terms. See id. at 1125. The district court granted summary judgment to RehabCare on both of Reynolds's claims. See id. at 1126.

## II.    DISCUSSION

Reynolds challenges the district court's adverse grant of summary judgment and maintains she presented sufficient evidence and genuine issues of material fact to proceed to trial with her failure to reemploy and discrimination claims. We review de novo a district court's grant of summary judgment. See Myers v. Lutsen Mtns. Corp., 587 F.3d 891, 892 (8th Cir. 2009) (citation omitted). "Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, demonstrates that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Id. at 893 (citations omitted).

The material facts in Reynolds's case are not in dispute. Reviewing the issues raised in Reynolds's appeal de novo, we conclude the district court properly granted summary judgment to RehabCare on both of Reynolds's claims. We find no error in the district court's disposition of these claims. We therefore affirm the district court's judgment for the reasons stated in the district court's thorough analysis. See 8th Cir. R. 47B; see also Leib v. Ga.-Pac. Corp., 925 F.2d 240, 246-47 (8th Cir. 1991); Coffman v. Chugach Support Servs., Inc., 411 F.3d 1231, 1237-38 (11th Cir. 2005).

We specifically address two additional points raised by Reynolds on appeal regarding the district court's analysis of her claims. Reynolds first suggests the district court "improperly used factual determinations and legal conclusions made by the court in a previous ruling denying [Reynolds's] motion for a temporary injunction given the different burdens of proof of the opposing motions and compounded the error by drawing all favorable inferences in favor of [RehabCare]." See Reynolds v.

RehabCare Group E., Inc., 531 F. Supp. 2d 1050 (S.D. Iowa 2008) (declining to issue a preliminary injunction). This argument lacks merit. Our review of the district court's order satisfies us that the district court applied the correct summary judgment standard of review and assigned the burdens of proof accurately. The district court did not improperly use facts or law from a previous ruling.

We similarly reject Reynolds's contention that the district court incorrectly "held as a matter of law that service contracts are not covered by [USERRA]." The district court made no such finding. The district court determined, correctly, that RehabCare was not a successor-in-interest to Progressive. See Reynolds, 590 F. Supp. 2d at 1122.

## III.    CONCLUSION
We affirm the judgment of the district court.

_____